UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

NATIONAL LABOR RELATIONS BOARD,   :
            Petitioner,   :
      v.   :   No. 15-mc-00228
   :
JO-DAN MADALISSE LTD, LLC,   :
a McDonald's Franchise,   :
            Respondent.   :
_____

**MEMORANDUM AND ORDER**

**Petitioner's Application for an Order Requiring Obedience to Subpoena Duces Tecum B-1-L3KUU7, ECF No. 1 – Granted**

**Joseph F. Leeson, Jr.**                                                           **December 21, 2015**
**United States District Judge**

       Petitioner National Labor Relations Board ("the NLRB" or "the Board") has submitted an Application, ECF No. 1, requesting an order requiring that Respondent Jo-Dan Madalisse Ltd., LLC, comply with a subpoena duces tecum that was issued by the NLRB on February 9, 2015. For the reasons set forth below, the NLRB's request to enforce the subpoena is granted.

**I.**      **Background**

       This matter concerns an action brought by the NLRB against McDonald's USA and twenty-eight McDonald's franchisees, including Respondent, based on "unfair labor practice" charges that were filed with the NLRB on behalf of employees of the franchisees. See 29 U.S.C. §§ 151–69. In that action, the NLRB contends that McDonald's USA is a joint employer with each of the twenty-eight franchisees and so may be held jointly liable for any labor violations found to have occurred at the franchisees' restaurants.

1

Following an investigation of the charges, the NLRB issued a series of complaints through its regional offices against McDonald's USA and each of the franchisees. See Pet'r's Appl. Exs. 1a-1g, ECF Nos. 1-4, 1-5. On January 5, 2015, the General Counsel of the NLRB issued an order transferring the complaint filed against Respondent and complaints filed against several other franchisees to the NLRB's Regional Director in Region 2 of the NLRB (New York City Region). See Pet'r's Appl. Ex. 2a, ECF No. 1-5. On January 6, 2015, the cases were consolidated into one action before an Administrative Law Judge in New York. Pet'r's Appl. Ex. 2b, ECF No. 1-5.

On February 9, 2015, the General Counsel served subpoenas duces tecum on the franchisees, including Subpoena Duces Tecum B-1-L3KUU7 ("the Subpoena") on Respondent. Pet'r's Appl. Ex. 5a, ECF No. 1-5. The subpoenas seek information concerning whether McDonald's USA is a joint employer with the franchisees.

On February 20, 2015, Respondent filed a Petition to Revoke the Subpoena, pursuant to Section 102.31(b) of the Board's Rules. Pet'r's Appl. Ex. 7, ECF No. 1-6. On March 19, 2015, NLRB Administrative Law Judge ("ALJ") Lauren Esposito issued an order denying Respondent's petition and similar petitions filed by other franchisees. Pet'r's Appl. Ex. 9, ECF No. 1-6.

On May 19, 2015, ALJ Esposito issued an order establishing procedures for the production of information pursuant to the subpoenas. Pet'r's Appl. Ex. 18, ECF No. 1-7. The order set June 29, 2015, as the deadline for completion of production by the franchisees. Id. Hearings regarding the subpoenas were subsequently held before ALJ Esposito on June 3, June 24, and July 14, 2015. Pet'r's Appl. Exs. 19-21, ECF No. 1-7. At the July 14 hearing, counsel for Respondent stated that his client's production of non-electronic documents was complete, but

that he was unable to estimate when Respondent would complete production of electronically stored information. Pet'r's Appl. Ex. 21, ECF No. 1-7.

On October 6, 2015, Petitioner filed the present Application for an order requiring compliance with the Subpoena. The Court heard oral argument on the Application on December 10, 2015. ECF No. 13.

## II. Legal Standard

"As with other administrative agencies, Congress has given the Board subpoena power, but, in [section] 11(2) of the NLRA, has relegated it to resort to the district courts for enforcement." NLRB v. Interstate Dress Carriers, Inc., 610 F.2d 99, 111 (3d Cir. 1979). Section 11(2) of the NLRA provides:

> In case of contumacy or refusal to obey a subpena issued to any person, any district court of the United States . . . within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person . . . to produce evidence if so ordered. . . .

29 U.S.C.S. § 161 (2013).

"To obtain enforcement of an administrative subpoena, the agency must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry is relevant, that the information demanded is not already within the agency's possession, and that the administrative steps required by the statute have been followed." FDIC v. Wentz, 55 F.3d 905, 908 (3d Cir. 1995). "The demand for information must not be unreasonably broad or burdensome." Id.

The "ultimate inquiry . . . is whether enforcement of the administrative subpoena would constitute an abuse of the court's process." SEC v. Wheeling-Pittsburgh Steel Corp., 648 F.2d

118, 125 (3d Cir. 1981). "The subpoenaed party bears the heavy burden of establishing [such] abuse," Wentz, 55 F.3d at 908.

**III.   Discussion**

Respondent argues, first, that Petitioner cannot show that the requested documents are not already within the NLRB's possession. Resp't's Mem. Opp'n 18, ECF No. 6-1. In particular, Respondent contends that Petitioner has not shown that it has not already received the requested documents from McDonald's USA in response to identical subpoena requests the NLRB served on McDonald's USA. Id. Petitioner replies that, regardless of what it may have received from McDonald's USA, it is not in a position to know whether it possesses all of the responsive documents in Respondent's possession.[1] Pet'r's Reply 3, ECF No. 10. According to Petitioner, Respondent is "in a unique position" because it alone "knows (or should know) the documents it has" and whether McDonald's USA has already produced all such documents. Id. Thus, Petitioner contends that because it does not know what documents Respondent has, it cannot "release [Respondent] of its obligation to produce entire categories of documents," unless Respondent provides a "specific representation" that the documents produced by McDonald's USA exhaust Respondent's obligations. Id.

The Court agrees with Petitioner. Even if Respondent does not possess any additional documents beyond what McDonald's USA has already produced, the NLRB cannot know this in

---

[1]   For example, paragraph 2 of the Subpoena requests "[t]he franchise agreement between Respondent and McDonald's USA, including any supplements, riders, modifications, rewrites, or amendments thereto." Petitioner "acknowledges that it received relevant franchise agreements from McDonald's USA," but maintains that it cannot know that it possesses all responsive documents unless Respondent "affirmatively state[s] that it has no other franchise agreements between it and McDonald's USA and that the other documents requested by the paragraph . . . were also completely provided by McDonald's USA." Pet'r's Reply 3.

the absence of a specific representation by Respondent. Accordingly, the NLRB has met its burden to show that the requested documents are not already in its possession.

Second, Respondent contends that the Subpoena seeks irrelevant information and is unreasonably broad and burdensome. Resp't's Mem. Opp'n App. 21. "Courts traditionally give wide latitude in determining relevance in the context of an administrative subpoena," and "administrative subpoenas must be enforced if the documents sought could be pertinent to a legitimate agency inquiry." United States v. O'Neill, 619 F.2d 222, 228 (3d Cir. 1980). Here, the NLRB is seeking information as part of its investigation of unfair labor practice charges, a legitimate area of inquiry for the agency. In particular, the Subpoena seeks information concerning whether the Respondent and McDonald's USA are joint employers, an inquiry that is, as Petitioner points out, broad in scope and includes numerous factors. Pet'r's Mem. Supp. Appl. 7-8, ECF No. 1-1. With respect to the Federal Rule of Civil Procedure 26 proportionality factors cited by Respondent, Resp't's Mem. Opp. App. 23 n.13, although the amount in controversy in this case may be relatively low, the requested materials are sought in order to resolve the key issue of whether Respondent and McDonald's are joint employers. Finally, Respondent has not shown that compliance with the Subpoena would pose an undue burden, for it has not shown that compliance would "pose a burden so great that it would threaten, unduly disrupt, or seriously hinder its normal business operations." See E.E.O.C. v. Sunoco, Inc. (R & M), No. CIV.A. 08-MC-145, 2009 WL 197555, at *6 (E.D. Pa. Jan. 26, 2009) (internal quotation marks omitted). For these reasons, the Court finds that the requested information is relevant and that the Subpoena is not unreasonably broad or burdensome.

Third, Respondent's claim that the Subpoena is improper because it was served after the complaint, Resp't's Mem. Opp'n 24, "is directly contradicted by section 11 of the NLRA, which

provides that the Board 'shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question.'" See NLRB v. AJD, Inc., No. 15 MISC. 326 JFK, 2015 WL 7018351, at *5 (S.D.N.Y. Nov. 12, 2015) (quoting 29 U.S.C. § 161(1)) (emphasis omitted).

Fourth, Respondent contends that the Court lacks jurisdiction over the present matter because there is no evidence of any "contumacy or a refusal to obey" the Subpoena. Resp't's Mem. Opp. 26. Respondent asserts that it has continually worked diligently to comply with the Subpoena. Id. Nevertheless, even if this is so, and "even if [Respondent has] not expressly refused to comply with the Subpoena[]," enforcement is appropriate in view of Respondent's failure to meet the June 29, 2015, discovery deadline set by ALJ Esposito. See AJD, Inc., 2015 WL 7018351, at *5.

In sum, the Court finds that the NLRB has met each of the criteria for enforcement of the Subpoena -- namely that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry is relevant, that the information demanded is not already within the agency's possession, and that the administrative steps required by the statute have been followed[2] -- and Respondent has not shown that compliance with the Subpoena would be unduly burdensome or that enforcement of the Subpoena would constitute an abuse of the Court's process.

## IV.    Conclusion and Order

For the foregoing reasons, the NLRB's request to enforce the Subpoena is granted. Accordingly, Respondent is directed to comply with the Subpoena and to provide all responsive documents within 30 days of this Order.

---

[2]   Petitioner's compliance with the administrative steps required by the statute is not in dispute.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge